JOSEPH P. BASS *vs.* LLEWELLYN EMERY, administrator.

Penobscot.    Opinion February 5, 1883.

*Administrators, actions against.    Partnership property.    R. S., c. 69, § 4.*

Where the administrator of a deceased member of a firm gave the bond and took possession of the partnership property as required by R. S., c. 69, § 4, the surviving partner having declined to give the bond, a creditor of the firm may maintain an action against him as such administrator in case of his refusal to pay the sum due such creditor.

ON EXCEPTIONS.

Assumpsit to recover upon accounts as due from the firm of M. Emery and Company. The firm consisted of Marcellus Emery and Millard E. Mudgett, and continued till 1879, when Emery died and the defendant was appointed administrator on his estate. The surviving partner declining to give bond provided by R. S., c. 69, § 2, the defendant gave bond required by § 4 of same chapter, and took possession and disposed of the partnership property, the case was referred to referee, the parties reserving the right to except. The referee reported that he found as fact that twenty-three dollars and five cents was due the plaintiff on the account sued, and as law that the action was maintainable against the defendant in his capacity as administrator of the debtor firm.

This report was accepted by the presiding justice, the defendant objecting thereto, and the defendant alleged exceptions.

*Charles P. Stetson*, for the plaintiff.

*John Varney*, for the defendant.

At common law the surviving partner was the only party to sue and be sued in respect of the debts and engagements of the firm. 2 Collyer's Part. (6 ed.) Wood's notes, 1060; *Cook* v. *Lewis*, 36 Maine, 340; ch. 69, R. S., does not change the common law rule. *Vide*, *Strang* v. *Hirst*, 61 Maine, 10.

In several cases such as *Putnam* v. *Parker*, 55 Maine, 235 ; actions have been maintained by firm administrators as plaintiffs, but they will be found to be for the possession of the firm assets, and in replevin, and not for the collection of debts due the firm. Such suits "must be prosecuted in the name of the survivors." APPLETON, C. J., in *Strang* v. *Hirst, ante.*

DANFORTH, J. By R. S., c. 69, § 1, "The executor or administrator of a deceased member of a partnership, is to include in the inventory the property of the partnership, appraised as in other cases, except that an amount is to be carried out equal only to the share of the deceased.

This property is to be retained and administered, unless the surviving partner gives bond to the judge as provided in the following section." This bond the surviving partner declined to give, and the administrator gave the bond, and took possession of the property as required by § 4. He alone has possession, and must hold it against all persons, for the purpose of administration. *Cook* v. *Lewis*, 36 Maine, 340 ; *Putnam* v. *Parker*, 55 Maine, 235. It then became his duty to administer upon the whole partnership property. This implies not only a right to collect the debts due to the firm, but the duty of paying what is due from it. This is confirmed by other provisions of the statute. Section 4, provides that "He may use the name of the survivor to collect the debts." Chapter 225 of the acts of 1871, authorizes him under a license to sell the real estate of the partnership, and "appropriate the proceeds to pay partnership debts." While by the statute he may, for obvious reasons, use the name of the survivor, to collect the debts, for equally obvious reasons he is no where exempt from an action for a neglect of duty in not paying the debts.

The plaintiff, as the case shows, has a just debt against the partnership. The defendant is the only representative of the property which ought to pay it, and the law makes it his duty to pay it, which duty he refuses to perform. Here if any where the well established maxim, "*ubi jus ibi remedium*", applies. In another form the expression is, " whenever the law gives any-

thing, it gives a remedy for the same." The only remedy in this case, is the appropriate action against the defendant, which the plaintiff has adopted. The surviving partner might be liable :as joint contractor, but is not as a representative of the partnership property. The defendant might be liable as administrator of the deceased partner, but in such an action only the private property of the deceased, could be reached. Hence, this is the only remedy by which the partnership property as such can be reached.

*Exceptions overruled.*

APPLETON, C. J., WALTON, VIRGIN and PETERS, JJ., concurred.